```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
```

| | | |
|---|---|---|
| RALPH CRAYTON, | | |
| | Plaintiff, | 9:19-CV-0452 (GTS/ML) |
| v. | | |
| M. TOLMON; et al., | | |
| | Defendants. | |

APPEARANCES:

RALPH CRAYTON
Plaintiff, pro se
17-B-2592
Mohawk Correctional Facility
P.O. Box 8451
Rome, NY 13440

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

## I.  INTRODUCTION

Plaintiff Ralph Crayton ("plaintiff") commenced this action pro se pursuant to 42 U.S.C. § 1983 ("Section 1983") in April 2019 by filing a complaint, Dkt. No. 1 ("Compl."), accompanied by an application to proceed in the action in forma pauperis ("IFP"). Dkt. No. 2. Upon review of those documents, the Court issued a Decision and Order granting plaintiff's IFP application and dismissing plaintiff's complaint without prejudice, with leave to amend, pursuant to 28 U.S.C. § 1915 ("Section 1915") and 28 U.S.C. § 1915A ("Section 1915A"). Dkt. No. 5 ("May Order"). The Court warned plaintiff that, if he failed to file an amended complaint within 30 days of the date of the May Order, the action would be dismissed without

prejudice for failure to state a claim upon which relief may be granted pursuant to Sections 1915(e)(2)(B)(ii) and 1915A(b)(1). May Order at 11-12. The Court thereafter granted plaintiff's request for an extension of the deadline to file an amended complaint. Dkt. No. 7. On July 26, 2019, having received no amended complaint or further communication from plaintiff, the Clerk of the Court entered Judgment dismissing the action without prejudice pursuant to the Court's May Order. Dkt. No. 9 ("Judgment").

Currently pending before the Court is a motion filed by plaintiff on or about October 11, 2019, requesting reconsideration of the May Order and/or requesting the Court vacate its May Order and Judgment closing the action. Dkt. No. 10 ("Mtn. to Vacate").[1] For the reasons set forth below, plaintiff's motion is denied.

## II. DISCUSSION

Rule 60(b) of the Federal Rules of Civil Procedure sets forth six grounds upon which relief from a judgment or order may be granted. Fed. R. Civ. P. 60(b). Specifically, a court may relieve a party from a judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; or (6) for any other reason that justifies relief. *Id*. "Rule 60(b) was intended to preserve the delicate balance between the sanctity of final judgments and the incessant command of the court's

---

[1] In plaintiff's motion, he confusingly uses language that suggests his motion is an attempt to appeal the Court's May Order and Judgment, and/or seek reconsideration of the May Order, and/or vacate the May Order and Judgment. *See* Mtn. to Vacate at 1 ("I thus hereby pray for the requested relief of this honorable Court, to grant my request appeal the aforementioned decision of 7-26-19[.]") (errors in original); *id.* at 2 ("I pray that [the attached] amended complaint will be considered under U.S. Dist.Ct.Rules for Motions for Reconsideration or Reargument Rule 7.1(g) Fed. Rules Civ Proc. Rule 60, 28 U.S.C.A.") (errors in original). Mindful that courts must to construe a pro se litigant's pleadings to raise the strongest arguments possible, the Court has construed plaintiff's pending motion as a request for relief from the May Order and Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure.

2

conscience that justice be done in light of all the facts." *Esposito v. New York*, No. 07-CV-11612, 2010 WL 4261396, at *1 (S.D.N.Y. Oct. 25, 2010) (internal quotation marks omitted). Rule 60(b) provides "extraordinary judicial relief" that should be granted "only upon a showing of exceptional circumstances." *Barton v. Troy Annual Conf.*, No. 09-CV-0063, 2011 WL 5325623, at *2 (N.D.N.Y. Nov. 3, 2011).

Even liberally construed, plaintiff's motion provides no basis for the relief requested. Plaintiff explains that he has limited education and is a "layman of the law." Mtn. to Vacate at 1. Plaintiff also attaches a proposed amended complaint that includes additional allegations not provided in his original complaint. *Id.* at 7-15. Plaintiff acknowledges in his motion papers that he failed to file an amended complaint before the deadline expired, but he provides no explanation for missing that deadline. *Id.* at 2.

Based upon the foregoing, the Court finds that this action was properly dismissed without prejudice because plaintiff did not file an amended complaint by the deadline set by the Court and because the Court determined, pursuant to Sections 1915 and 1915A, that plaintiff's original complaint failed to state a claim upon which relief may be granted. Accordingly, plaintiff's motion for relief from the May Order and Judgment is denied.[2]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for relief from the May Order and Judgment (Dkt. No. 10) is **DENIED**; and it is further

---

[2] By virtue of this action having been dismissed without prejudice, plaintiff is free to commence a new action by filing a complaint and complying with the filing fee requirements.

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: November 25, 2019
      Syracuse, New York

Hon. Glenn T. Suddaby
Chief U.S. District Judge